**Atty. No. 41106**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LORETTA SCOTT AND PEARLEATHA SCOTT, Plaintiffs, on behalf of themselves and others similarly situated, | ) | |
| v. | ) | Case No. 08 C 868 |
| THORNCREEK APARTMENTS II, LLC d/b/a/ THE LOFTS AT THORNCREEK and THORNCREEK MANAGEMENT, LLC, | ) | Hon. Wayne R. Andersen |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Loretta Scott and Pearleatha Scott respectfully ask the Court to enter an order remanding this action to state court pursuant to 28 U.S.C. §1441(c).

In support of this motion, plaintiffs state as follows:

1. Plaintiffs brought this class action lawsuit on January 3, 2008 in the Circuit Court of Cook County. The complaint seeks to secure redress for the actions of Thorncreek Apartments II, LLC d/b/a The Lofts at Thorncreek and Thorncreek Management, LLC. Specifically, the complaint alleges defendants violated the Illinois Security Deposit Interest Act, 765 ILCS 715/1-2, by willfully failing to pay the interest to plaintiffs and class

members, defendant Thorncreek Apartments II, LLC was in breach of the lease agreements by not providing written notice of rent increases and then attempting to collect payment and late fees on the rent increases, and defendant Thorncreek Apartments II, LLC breached the implied warranty of habitability by not maintaining the townhome units and common areas of the complex such that the basements have moldy, black walls and leaky floors' foundations which soak the tenants' belongings.

2. All defendants were served with the complaint on January 14, 2008.

3. On February 8, 2008, defendants filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §1441 and §1446. Defendants contend that this Court has original jurisdiction over the subject matter of this case under 28 U.S.C. §1332 (d)(2). Defendants allege that plaintiffs' alleged damages and defendants' costs of remedial action would exceed $5,000,000.00.

4. The party seeking removal bears the burden of establishing that the requirements for federal jurisdiction are met and must establish by a preponderance of the evidence that the amount in controversy requirement is met. Hall v. Triad Financial Services, Inc., 2007 U.S. Dist. LEXIS 75253 *3 (S.D. Ill. 2007), Loizon v. SMH Societe Suisse De Microelectorincs, ET Horologerie SA, 950 F.Supp. 250, 252 (N.D. Ill. 1996). Also, when jurisdiction is challenged as a *factual matter* by the opposing party, the party invoking jurisdiction bears the burden of supporting its allegations by competent proof. Jansen v. American Express Corp., 2007 U.S. Dist. LEXIS 89714 *6 (N.D. Ill. 2007). Any doubts as to the propriety of such removal must be resolved in favor of remand to state court. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005); Roche v. Country Mutual

Insurance Co., 2007 U.S. Dist. LEXIS 48921 *7 (S.D. Ill. 2007).

5. In the case at bar, defendants cannot meet the burden of proof on the amount in controversy.

6. Count I seeks statutory damages under the Illinois Security Deposit Interest Act. The SDIA provides for a return of one times the security deposit for the landlord's violation of the requirements of the Act and attorneys fees and costs. See 765 ILCS 715/2. Plaintiffs have not listed an specific statutory damage amount in their complaint. However, plaintiffs assert that defendants' calculations are wrong. Assuming the average security deposit is $335, which is what plaintiffs' security deposit was, and there are 190 renters, the statutory damages would amount to $63,650.

7. Similarly, Count II seeks monetary damages for breach of contract. Plaintiffs' estimate of the damages is $1200-$2400 x 50-190 renters, or $60,000-$456,000.

8. Defendants calculations under Count III, alleging breach of warranty of habitability, are unreasonable. Defendants' statements are mere speculations, at best. Defendants do not provide any affidavits stating the costs of clean up, upgrades, or alleged renovations required to comply with an injunction, Additionally, defendants state they need to tear down the building to remedy the problems alleged in the complaint. Again, defendants fail to provide any affidavits or proof for their statements and calculations. Plaintiffs believe the defendants' buildings are not worth $5,000,000.00 and that to spend anything approaching that to repair them makes no sense.

9. This case should not be removed to federal court. The issues complained of are pure state law issues that are more appropriately handled in state court. In addition,

landlord tenant cases are rarely addressed in federal court.

WHEREFORE, for the foregoing reasons, plaintiffs respectfully request the Court to enter an order remanding this action to state court.

Respectfully submitted,

/s/ Rupali R. Shah
Rupali R. Shah

Daniel A. Edelman
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)