UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LORETTA SCOTT and PEARLEATHA SCOTT, )
)
Plaintiffs on behalf of themselves )
and other similarly situated, ) Case No.: 08 C 868
v. ) Hon. Wayne R. Anderson
)
THORNCREEK APARTMENTS II, LLC, D/B/A )
THE LOFTS AT THORNCREEK and )
THORNCREEK MANAGEMENT, LLC, )
)
Defendants. )

**DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND**

**PRELIMINARY STATEMENT**

1. Defendants request leave to file a sur-reply to respond to Plaintiff's reply in support of their Motion to Remand found at docket entry #24.

2. The importance of Defendants' sur-reply is to address arguments raised by Plaintiffs in their Reply Brief which were not argued in their Motion and have been raised only in an attempt to avoid Federal Jurisdiction. Defendants had no reason to anticipate that in their attempt to avoid jurisdiction, Plaintiffs would argue that a) they will amend the allegations of their Complaint, (something that they are not entitled to do for multiple reasons), b) that they are relying on an affirmative defense raised by Defendants as a basis for remand. Accordingly, these arguments were not addressed in Defendants' Response to Plaintiffs' Motion to Remand found at Docket Entry # 18.

3. For reasons set forth below and in the proposed memorandum (Exhibit 1), Plaintiffs arguments to avoid jurisdiction are improper.

4. As such the issue is substantive, and the best interests of justice would be served if the Court were fully apprised of all arguments.

**ARGUMENTS RAISED BY PLAINTIFFS IN THEIR MOTION TO REMAND**

5. In their Motion to Remand, Plaintiffs argue that the amount in controversy sought by the purported class members does not meet the requisite $5 million dollar jurisdiction limit required by 28 USC §1332(d)(2). (See paragraph 3-5 of Plaintiffs' Motion at Docket Entry #16).

6. Plaintiffs' present calculations for the Court in their effort to argue that the jurisdictional amounts of $5 million Dollars are not implicated based on their assertions in Counts I and II of their Complaint. (See paragraphs 6-7 of Plaintiffs' Motion at Docket Entry # 16).

7. Plaintiffs argue that Defendants' assertions that the $5 Million jurisdictional requirement is met, (as set forth in Defendants' Removal), based on Count III of Plaintiffs Complaint is unreasonable and based on speculation in particular because no affidavit is included. (See Paragraph 8 at Plaintiff's Motion at Docket Entry # 16).

8. Plaintiffs make no mention of intent to dismiss any claim in their Complaint, nor do Plaintiffs make any argument based on the Affirmative Defenses set forth by the Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND AND PLAINTIFFS' REPLY TO SAME**

9. In Response to Plaintiffs' Motion to Remand, the Defendants set forth for the Court substantial factual basis and evidence, supported by Affidavits, including an Affidavit from an expert, demonstrating that based on the claims asserted by Plaintiffs and the

relief sought, that the amount in controversy exceeds the $5 Million Dollar jurisdictional requirement.

10. In Reply, the Plaintiffs do not provide any factual support in opposition to the Affidavits submitted by Defendants. They also do not provide their own expert affidavits to rebut the evidence presented by the Court. (See Plaintiffs Reply at Docket Entry # 24).

11. Instead, Plaintiffs argue that because Defendants plead as an affirmative defense the lack of subject matter jurisdiction, that Defendants somehow acknowledge same

12. As a second argument, the Plaintiffs argue that "Plaintiffs agree that their request for injunctive relief can be dismissed with prejudice." (See page three of Plaintiffs' Reply at Docket Entry #24).

13. Plaintiffs then argue that if the prayer for injunctive relief is dismissed, that the class members' possible damages "do not come close to five million dollars." Id.

**PLAINTIFFS CANNOT ALLEGE TO ALTER THE COMPLAINT TO AVOID THE AMOUNT IN CONTROVERSY**

14. Because Plaintiffs cannot dispute the factual support provided by Defendants establishing the amount in controversy in excess of $5 Million, Plaintiffs state that their request for injunctive relief "can be dismissed with prejudice." Plaintiffs' attempt to avoid federal jurisdiction by dismissing this claim is improper for two reasons.

15. First, once an action is properly removed from the state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal. **A Plaintiff cannot defeat the federal court's diversity jurisdiction by amending his claim to be an amount less than the required amount in controversy.** Gossmeyer v. McDonald 128 F. 3d 481, 487-488 (7th Cir., 1997) *citing* Wellness Community Nat'l. v. Wellness House, 70 F 3d 46, 50(7th Cir, 1995).

16. Whether subject matter jurisdiction exists is a question answered by looking at the complaint **as it existed at the time the petition for removal was filed.** Gossmeyer at 487 *citing to* United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n, 24 F.3d 1008, 1014 (7th Cir.1994).

17. There is no disputing that Plaintiffs are attempting to amend their claim to be an amount less than the required amount in controversy. As set forth above, this conduct is impermissible. Gossmeyer v. McDonald 128 F.3d 481, 487 -488 (7th Cir.,1997) *citing* Wellness Community Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir.1995).

18. Based on the Complaint as it existed at the time Defendants filed their Petition for Removal, this Court has subject matter jurisdiction and Plaintiffs' Motion for Remand should therefore be denied.

19. There are also serious questions as to whether the Plaintiffs would even be permitted to dismiss any claims "with prejudice" even if the Court were to entertain such an argument, which Defendants submit would be improper based on the holdings of Gossmeyer v. McDonald 128 F.3d 481, 487 -488 (7th Cir.,1997) and Wellness Community Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir.1995). Under any circumstance, Plaintiffs propose to speak for a class of individuals and now wish to seek dismissal of claims with prejudice. While it is acknowledged that this class ahs not yet been certified, class actions cannot be dismissed voluntarily without notice to all members of the class. Pittston Co. v. Reeves, 263 F.2d 328, 329, (7th Cir., 1959). [1] Arguably, Plaintiffs cannot

---

[1] Defendants dispute the allegations of Plaintiffs' Complaint in their entirety but at this state of the litigation, it is not proper to challenge the purported class status. However, it is sufficed to say that it would appear that these Plaintiffs are attempting to claim that they are brining claims on behalf of a purported class on the one hand, but do not want to be treated as class representatives on the other hand in order to avoid federal jurisdiction.

claim to represent a class on one hand and then seek to dismiss claims with prejudice on the other without first ensuring that the so called class was provided notice.

20. Next Plaintiffs improperly argue that the fact that Defendants cited an affirmative defense that the Court lacks subject matter jurisdiction is somehow dispositive of this issue. This argument also, must be disregarded.

21. This Honorable Court has an independent duty to satisfy itself that it has subject-matter jurisdiction. Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir., 1994). As set forth by the Seventh Circuit Court of Appeals, a district court's obligation to review its own jurisdiction is a matter that must be raise *sua sponte*, **and it exists independent of the "defenses" a party might either make or waive under the Federal Rules.** Ricketts v. Midwest Nat. Bank, 874 F.2d 1177, 1181, (7th Cir., 1989), *citing to* Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, (1986).

22. The arguments raised by the Plaintiffs in their Reply could have and should have been asserted in their Motion to Remand. Defendants could not have anticipated that Plaintiffs would argue that they could amend their Complaint or otherwise dismiss claims with prejudice to avoid the amount in controversy as opposed to simply attempting to rebut the factual evidence presented by the Defendants to demonstrate that the amount in controversy threshold has been met. Accordingly, Defendants did not and could not address these arguments in their Response.

23. As the arguments raised in Plaintiffs' Reply invoke substantive important issues with respect to subject matter jurisdiction, Defendants request that this Honorable Court grant Defendants' Motion for Leave to File Sur-Reply and permit the Defendants to file the

attached proposed Sur-Reply in Response to Plaintiffs' Reply in Support of Plaintiffs' Motion for Remand, attached hereto as Exhibit 1.

WHEREFORE, for all of the reasons set forth herein, Defendants respectfully request that the Court GRANT their Motion to file the Sur-Reply attached hereto as Exhibit 1 for consideration by the Court in rendering its ruling as to Plaintiffs' Motion for Remand.

RESPECTFULLY SUBMITTED,

SICILIANO, MYCHALOWYCH,
VAN DUSEN AND FEUL, PLC

BY:/S/ ANDREW W. MYCHALOWYCH
ANDREW W. MYCHALOWYCH
MICHIGAN BAR NO. 39602
LINDSAY JAMES
MICHIGAN BAR NO. 66778
ATTORNEYS FOR DEFENDANTS
37000 GRAND RIVER AVENUE, SUITE 350
FARMINGTON HILLS, MI 48335
248.442.0510
248.442.0518 (FACSIMILE)
AMYCHALOWYCH@SMVF-LAW.COM
LJAMES@SMVF-LAW.COM

DATED: APRIL 2, 2008

**CERTIFICATE OF SERVICE**

There undersigned hereby certifies that on April 2, 2008, I electronically filed the foregoing Defendants' Motion for Leave to File Sur-Reply in Response to Plaintiffs' Reply in Support of Plaintiffs' Motion for Remand and Appendix thereto, with the Clerk of the Court using CM/ECF which constitutes service under Fed. R. Civ. P. 5(b)(2)(D) as to all E-Filers identified on the attached Service List who are registered to receive notices by CM/ECF as set forth in the Notices of Electronic Filing generated by CM/ECF.

SICILIANO, MYCHALOWYCH,
VAN DUSEN AND FEUL, PLC

BY:/S/ ANDREW W. MYCHALOWYCH
ANDREW W. MYCHALOWYCH