UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LORETTA SCOTT and PEARLEATHA SCOTT,<br><br>Plaintiffs on behalf of themselves and other similarly situated,<br>v.<br><br>THORNCREEK APARTMENTS II, LLC, D/B/A THE LOFTS AT THORNCREEK and THORNCREEK MANAGEMENT, LLC,<br><br>Defendants. | ) | Case No.: 08 C 868<br>Hon. Wayne R. Anderson |

**DEFENDANTS' SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REMAND**

In their Motion to Remand, Plaintiffs argue that the amount in controversy sought by the purported class members does not meet the requisite $5 Million dollar jurisdiction limit required by 28 USC §1332(d)(2). (See ¶ 3-5 of Plaintiffs' Motion at Docket Entry #16). Plaintiffs present calculations for the Court in their effort to argue that the jurisdictional amounts of $5 Million Dollars are not implicated based on their assertions in Counts I and II of their Complaint. (See ¶ 6-7 of Plaintiffs' Motion at Docket Entry #16).

Plaintiffs argue that Defendants' assertions that the $5 Million jurisdictional requirement is met, (as set forth in Defendants' Removal), based on Count III of Plaintiff's Complaint is unreasonable and based on speculation in particular because no affidavit is included. (See ¶ 8 of Plaintiffs' Motion at Docket Entry #16). That is the extent of the Plaintiffs' arguments in support of their Motion to Remand. At no time do they argue that claims should be dismissed or otherwise, that the Court should somehow rely on affirmative defenses plead by Defendants in rendering its decision on the issue of remand.

In Response to Plaintiffs' Motion to Remand, the Defendants set forth for the Court substantial factual basis and evidence, supported by Affidavits, including an Affidavit from an expert, demonstrating that based on the claims asserted by Plaintiffs and the relief sought, that the amount in controversy exceeds the $5 Million Dollar jurisdictional requirement. As set forth in Defendants' Response to Plaintiffs' Motion for Remand, the Plaintiffs seek injunctive relief that would require the Defendants to essentially rebuild their apartment complexes.

The amount in controversy includes monetary damages, attorney's fees and "the cost a defendant incurs in complying with injunctive relief." Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591, 595 (7th Cir.2004). Accordingly, based on this, (as well as based on the reasons set forth below), the amount in controversy has clearly been demonstrated.

Instead of rebutting the factual evidence provided by the Defendants demonstrating for the Court that the amount in controversy test has been met, the Plaintiffs respond in their Reply Brief, (Docket Entry #24), by stating that Plaintiffs' claims for injunctive relief "can be dismissed with prejudice." Plaintiffs' attempt to avoid federal jurisdiction by dismissing this claim is improper.[1]

It is well settled in the 7th Circuit (and elsewhere), that a **plaintiff cannot defeat the federal court's diversity jurisdiction by amending his claim to be an amount less than the required amount in controversy.** Gossmeyer v. McDonald 128 F.3d 481, 487 -488 (7th Cir.,1997) *citing* Wellness Community Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir.1995). This is exactly what these Plaintiffs are attempting to do here.

---

1 While for purposes of this Sur-Reply, the issue is not before the Court, there are serious concerns about the Plaintiffs attempted action. How the Plaintiffs can claim to act on behalf of a class in brining these claims and then argue that they have the ability to dismiss a claim with prejudice without providing any notice to the purported class when class actions cannot be dismissed voluntarily without notice to all members. Pittston Co. v. Reeves 263 F.2d 328, 329 (7th Cir., 1959).

The Court must look at the Complaint as it exists at the time it was removed to federal court for determination of whether subject matter jurisdiction exists. Gossmeyer at 487 *citing to* United Farm Bureau Mut. Ins. Co. v. Metropolitan Human Relations Comm'n, 24 F.3d 1008, 1014 (7th Cir.1994). As Plaintiffs' Complaint exists, there is a claim for injunctive relief that renders the amount in controversy in excess of $5 Million dollars, as demonstrated by the **unrefuted** Affidavits submitted by Defendants with their Response to Plaintiffs' Motion to Remand. (See Defendants' Response and accompanying Affidavits at Docket Entry # 18).

Accordingly, as the Complaint asserted by Plaintiff at the time of removal asserts claims for injunctive relief which indisputably renders the amount in controversy in excess of $5 Million and because the Plaintiffs may not amend their claims in order to defeat the amount in controversy, Plaintiffs' Motion for Remand should be denied.

Next, Plaintiffs argue that because Defendants asserted in their Affirmative Defenses that the Court lacks subject matter jurisdiction, that such an allegation is dispositive. To suggest this is to suggest that the Court should, without any analysis whatsoever, take any and all affirmative defenses as true. Defendants' also plead that Plaintiffs failed to state a cause of action upon which relief may be granted. Does this mean that the Court should sua sponte dismiss Plaintiffs' Complaint based thereon? Of course not.

Subject matter jurisdiction either exists or it does not. However, it is the Court's duty to render an independent analysis of subject matter jurisdiction. Hammes v. AAMCO Transmissions, Inc. 33 F.3d 774, 778 (7th Cir., 1994). As set forth by the Seventh Circuit Court of Appeals, a district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, **and it exists independent of the "defenses" a party might either make or waive under the Federal Rules.** Ricketts v. Midwest Nat. Bank 874 F.2d 1177,

1181 (7th Cir., 1989), *citing to* Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, (1986).

Any argument by the Plaintiffs that this court lacks subject matter jurisdiction based upon an assertion by a party of an affirmative defense to that effect, is without support, contrary to law and should therefore be disregarded. Accordingly, Plaintiffs' Motion for Remand should be denied.

To meet the amount-in-controversy requirement, "the removing litigant must show a reasonable probability that the stakes exceed the minimum." Brill v. Countrywide Home Loans, Inc. 427 F.3d 446, 449 (7th Cir.2005); *see* Smith v. American Gen. Life & Accident Ins. Co., 337 F.3d 888, 892 (7th Cir.2003). "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." Brill, 427 F.3d at 448. "Once the proponent of jurisdiction has set out the amount in controversy, **only a 'legal certainty**' that the judgment will be less forecloses federal jurisdiction." *Id*

Defendants submit that as set forth above, (that Plaintiffs may not amend their complaint to reduce their claims below the jurisdictional requirements), that Plaintiffs' Motion for Remand should be denied. Further adding support to Defendants' position is the fact that where a litigant has a right, based on contract, statute, or other legal authority, to an aware of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied. Telpro, Inc. v. Renello, 66 F.3d 328, (7th Cir., 1995).

Plaintiffs assert that at a minimum, 190 class members exist, there could be hundreds more. Attorneys fees are expressly permitted as an element of damages pursuant to the Illinois Security Deposit Act. IL ST CH 765 § 715/0.01. Accordingly, in addition to the amounts

associated with the injunctive relief and actual damages alleged by Plaintiffs, the Court must also consider the amount of attorneys fees that would be awarded in a class action involving at least 190 members of a class in determining whether the jurisdictional requirements have been met.

WHEREFORE, for all of the reasons set forth herein and those set forth in Defendants' Response to Plaintiffs' Motion for Remand, Defendants respectfully request that the Court deny Plaintiffs' Motion to Remand.

RESPECTFULLY SUBMITTED,

SICILIANO, MYCHALOWYCH,
VAN DUSEN AND FEUL, PLC

BY:/S/ ANDREW W. MYCHALOWYCH
ANDREW W. MYCHALOWYCH
MICHIGAN BAR NO. 39602
LINDSAY JAMES
MICHIGAN BAR NO. 66778
ATTORNEYS FOR DEFENDANTS
37000 GRAND RIVER AVENUE, SUITE 350
FARMINGTON HILLS, MI 48335
248.442.0510
248.442.0518 (FACSIMILE)
AMYCHALOWYCH@SMVF-LAW.COM
LJAMES@SMVF-LAW.COM

DATED: APRIL 2, 2008